UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DONAVAN CRAWFORD, :
                Petitioner, : **MEMORANDUM OPINION**
: **AND ORDER**
:
v. : 13 CV 344 (VB)
:
THOMAS STICHT, Superintendent, Wyoming :
Correctional Facility, :
                Respondent. :
----------------------------------------------------------------x

Briccetti, J.:

      Pending before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated November 9, 2017 (Doc. #42), on Donavan Crawford's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      After a bench trial, petitioner was convicted in Dutchess County Court of second degree criminal possession of a weapon pursuant to New York Penal Law § 265.03(3). The court sentenced petitioner as a second felony offender to a determinate term of imprisonment of nine and one-half years, followed by five years post-release supervision. The Appellate Division, Second Department, affirmed the conviction. People v. Crawford, 96 A.D.3d. 964 (2d Dep't 2012). The Court of Appeals denied leave to appeal. People v. Crawford, 20 N.Y.3d 931 (Table) (2012). Petitioner also filed a number of post-trial and post-conviction motions, all of which were denied.

      Petitioner now contends his conviction and sentence were unlawful because (i) the prosecution failed to meet its burden of disproving petitioner's temporary and lawful possession defense; (ii) the prosecution offered no evidence to rebut petitioner's defense of temporary, innocent possession; (iii) trial counsel was ineffective; (iv) the cases offered by the prosecution

1

do not support the verdict; and (v) petitioner was not read his <u>Miranda</u> rights at any time before or after his arrest.[1]

Judge Davison recommended denying the petition.

The Court agrees with that recommendation. Accordingly, for the following reasons, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

## DISCUSSION

I.  <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the report and recommendation, but the objections must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. <u>See</u> Fed. R. Civ. P. 6(d). .

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a <u>de novo</u> standard of review. 28 U.S.C. § 636(b)(1)(C); <u>see also</u> Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. <u>See</u> <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply

---

[1] Familiarity with the factual and procedural background of this case is presumed; the Court recites only those facts necessary for the resolution of petitioner's objections.

reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Because petitioner is proceeding pro se, the Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391–93 (2d Cir. 2008).

II. Objections

Petitioner filed timely objections to the R&R. (Doc. #43). Petitioner objects to the R&R's conclusion that he received effective assistance of counsel. Specifically, petitioner asserts trial counsel (i) failed to request a psychiatric hearing; (ii) refused petitioner's demand for a jury trial; and (iii) failed to object to hearsay testimony. These objections largely restate petitioner's original arguments. Nevertheless, in consideration of petitioner's pro se status, the Court has carefully reviewed the R&R and the underlying record de novo as to any specific objection the petitioner has made. Having done so, the Court finds no error, clear or otherwise, in Judge Davison's thorough and well-reasoned R&R.

For petitioner to succeed on an ineffective assistance of counsel claim, he must show (i) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (ii) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A petitioner must satisfy both elements to prevail on an ineffective assistance of counsel claim. See id. at 697.

Petitioner objects to Judge Davison's finding that trial counsel requested a psychiatric hearing. He argues the failure to request or receive a psychiatric hearing resulted in substantial prejudice because he was not mentally fit to stand trial.

Petitioner's argument is unavailing.

Judge Davison reviewed the record and found that petitioner's counsel did request a psychiatric hearing at a pre-trial conference. (R&R, at 31). The state court judge indicated to petitioner's counsel he was not inclined to order the examination. (Id.)

In his objection, petitioner reiterates his prior argument about the failure to request a psychiatric hearing. The objection does not give any reason to doubt that petitioner's counsel asked for a psychiatric hearing.

Accordingly, for the reasons set forth in the R&R, plaintiff's counsel did not err in failing to request a psychiatric hearing, such that petitioner has not satisfied the first prong of Strickland.

Petitioner further argues he was mentally unfit to stand trial, and therefore the failure to receive a psychiatric hearing was prejudicial to the outcome.

The Court disagrees.

In the state court, petitioner did not develop a factual basis for his claim that he was not competent to stand trial. Petitioner now attaches three documents—two disciplinary write-ups

4

and a grievance form from petitioner's time in custody in January and February 2011—to his objection to show he was not competent to stand trial. This is the first time petitioner seeks to develop this factual basis for his claim.

In any event, the three documents submitted by petitioner do not come close to establishing that petitioner did not commit the offense of which he was convicted—criminal possession of a weapon in the second degree. Nor do the documents tend to show that he was mentally unfit to stand trial.

Therefore, for the reasons set forth in the R&R, the Court agrees there was no prejudice resulting from petitioner's failure to receive a psychiatric evaluation.

Petitioner's remaining objections, that trial counsel refused petitioner's demand for a jury trial and failed to make hearsay objections at trial, reiterate petitioner's prior arguments in his petition and are general and conclusory statements that do not specifically address any of the well-founded rebuttals in the R&R. The Court therefore reviews the R&R for clear error, and finds none.

For the reasons set forth in the R&R, the Court agrees the ineffective assistance of counsel claim must be denied.

As to petitioner's specific objections, and as to the petition as a whole, the Court finds no error, clear or otherwise, in Judge Davison's recommended ruling.

## CONCLUSION

The R&R is adopted as the opinion of the Court for the reasons stated herein. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

The Clerk is further instructed to amend the caption to reflect that Thomas Sticht, Superintendent of Wyoming Correctional Facility, where petitioner is currently incarcerated, is substituted as respondent.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d. Cir. 2005).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket.

Dated: February 27, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge